UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HIS TABERNACLE FAMILY CHURCH, INC. and
MICHAEL SPENCER,

                Plaintiffs,

                                        ATTORNEY AFFIRMATION

    -against-

STEVEN A. NIGRELLI, Acting Superintendent of       Case NO. 6:22-cv-06486
The New York State Police, in his official and individual
Capacities; WEEDEN A. WETMORE, District Attorney
For the County of Chemung, New York, in his official and
individual capacities; and MATTHEW VAN HOUTEN,
District Attorney For the County of Tompkins, New York,
in his official and individual capacities,

                Defendants.

---

**JEFFREY WALKER**, an attorney duly admitted to practice before the Courts of the State of New York, as well as this Court, affirms the following under penalty of perjury:

1. I am an Assistant County Attorney for the County of Chemung, and I am representing Weeden A. Wetmore, District Attorney for the County of Chemung, who has been sued in both his individual and official capacity.

2. On or around July 1 of this year, New York's 245th Legislature amended portions of the penal law, the general business law, the executive law, the civil practice law and rules and the state finance law, with respect to licensing and carrying of firearms within this state. This included the enactment of NY Penal Law § 265.01–e, the challenged statute in this matter.

3. Defendant, Wetmore, had no part in the drafting nor implementation of this statute.[1]

---

[1] See accompanying Affidavit of Weeden Wetmore

4. The District Attorney has stated that he has no intention of prosecuting persons for carrying legal firearms in a place of worship, regardless of the new legislation.[2]

5. Moreover, no one in the Chemung County District Attorney's office has taken any action to enforce the provisions of New York Penal Law § 265.01-e(2)(c) against any party.[3]

6. Defendant Wetmore's affidavit effectively disclaims any intent by his office to prosecute the challenged portions of the statute in response to the instant action.[4]

7. Respectfully, Plaintiffs' request for a preliminary injection should be deemed moot with respect to Defendant, Wetmore, because Plaintiff lacks standing based on having no credible threat of prosecution under the challenged statute.[5]

8. In the event a preliminary relief is granted to Plaintiffs, the undersigned respectfully submits that no part of such award of attorney fees, costs, or disbursements should be entered against Defendant, Wetmore, inasmuch as said Defendant had nothing to do with the New York Legislature's enactment of the challenged statute, nor have they sought to enforce the same.[6]

Dated:   Elmira, New York

November, 7 2022

*signature*

Jeffrey Walker, Esq.
Asst. Chemung County Attorney

---

[2] See accompanying Affidavit of Weeden Wetmore
[3] See accompanying Affidavit of Weeden Wetmore
[4] See accompanying Affidavit of Weeden Wetmore
[5] See accompanying Memorandum of Law
[6] This is the same position taken by Defendant Seaman in the Hardaway v. Nigrelli matter (Id, at footnote 5); see also accompanying Affidavit of Weeden Wetmore, and the accompanying Memorandum of Law

2