UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HIS TABERNACLE FAMILY CHURCH, INC.  and
MICHAEL SPENCER,

               Plaintiffs,

       -against-

STEVEN A. NIGRELLI, Acting Superintendent of
The New York State Police, in his official and individual
Capacities; WEEDEN A. WETMORE, District Attorney
For the County of Chemung, New York, in his official and
individual capacities; and MATTHEW VAN HOUTEN,
District Attorney For the County of Tompkins, New York,
in his official and individual capacities,

               Defendants.

Civil Action No.
6:22-cv-06486

## MEMORANDUM OF LAW ON BEHALF OF
## DEFENDANT, WEEDEN A. WETMORE

CHEMUNG COUNTY LAW DEPARTMENT
M. Hyder Hussain, County Attorney
Jeffrey Walker, Assistant County Attorney
167 Lake Street
P.O. Box 588
Elmira, New York 14902
Telephone: (607) 737-2982
Email: hhussain@chemungcountyny.gov
Email: jwalker@chemungcountyny.gov

*Attorneys for Defendant Wetmore*

## <u>TABLE OF CONTENTS</u>

Preliminary Statement ..................................................................................................................1

Background...................................................................................................................................1

Argument .....................................................................................................................................1

   I.   District Attorney Has Discretion Not to Prosecute.............................................................1

   II.  No Credible Threat of Prosecution.....................................................................................2

   III.  Statement Regarding Fees if Preliminary Relief is Granted...................................3

Conclusion ...................................................................................................................................5

## PRELIMINARY STATEMENT

Respectfully, the preliminary relief requested by Plaintiff should not be granted because Plaintiffs cannot demonstrate a credible threat of prosecution of NY Penal Law § 265.01–e by Defendant Wetmore. This lack of threat of prosecution has now been reiterated via a sworn affidavit by Wetmore, entered in response to Plaintiffs' instant request for a Preliminary Injunction. Therefore, Plaintiffs' request for a Preliminary Injunction should be denied.

## BACKGROUND

On or around July 1 of this year, New York's 245th Legislature passed Session Law Chapter 371 (S. 51001), amending portions of the penal law, the general business law, the executive law, the civil practice law and rules and the state finance law, regarding the licensing and carrying of firearms within this state, which included enacting NY Penal Law § 265.01–e, the provision complained of in this matter.

Defendant, Wetmore, had no part in the drafting nor implementation of this legislation.[1]

This action is not the first to make a challenge to this law; both this Court[2], as well as the Northern District of New York[3] have entered injunctions with respect to the enforcement of NY Penal Law § 265.01–e.[4]

## ARGUMENTS

### I.      District Attorney Has Discretion Not to Prosecute

A prosecutor has the discretion not only to determine whether to bring charges, but which charges to bring. People v. Eboli, 34 N.Y.2d 281 (1974); see also People v. Di Falco, 44 N.Y.2d

---

[1] See accompanying Affidavit of Weeden Wetmore
[2] See, Hardaway v. Nigrelli, --- F.Supp.3d ----, 2022 WL 16646220 (November 3, 2022)
[3] See, Antonyuk v. Hochul, --- F.Supp.3d ----, 2022 WL 16744700 (November 7, 2022)
[4] It is acknowledged that a temporary stay of the Antonyuk injunction has been temporarily stayed by the United States Court of Appeals for the Second Circuit on November 15, 2022

1

482 (1978); People v. Cajigas, 19 N.Y.3d 697 (2012) (dictum). A District Attorney's office need not prosecute every violation or offense. Murphy on Behalf of Rensselaer County v. Dwyer, 101 A.D.2d 376 (3rd Dept. 1984). Such a right is solely within the broad authority and discretion of the district attorney's executive power to conduct all phases of criminal prosecution. Soares v. Carter, 25 N.Y.3d 1011, 1013 (2015), citing: County Law § 700[1]; People v. Cajigas, *supra* at 703.

Moreover, under the doctrine of separation of powers, courts lack the authority to compel the prosecution of criminal actions. Soares v. Carter, *supra*, citing: Matter of Cantwell v. Ryan, 3 N.Y.3d 626, 628, (2004).

In addition, absolute prosecutorial immunity exists regarding decisions whether to prosecute, or not. Ying Jing Gan v. City of New York, 996 F.2d 522, 530 (2nd Cir.1993); Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976).

## II.    No Credible Threat of Prosecution

The District Attorney has expressed that he has no intention of prosecuting persons for carrying lawfully licensed firearms in a place of worship, regardless of the new legislation.[5] Moreover, no one in the Chemung County District Attorney's office has taken any action to enforce the provisions of New York Penal Law § 265.01-e(2)(c) against any party.[6] Defendant Wetmore's affidavit filed in this matter effectively disclaims any intent by his office to prosecute the challenged portions of the statute, a position he had expressed to another party even prior to the filing of this lawsuit.[7]

Respectfully, Plaintiffs' request for a preliminary injunction should be deemed moot with

---

[5] See accompanying Affidavit of Weeden Wetmore
[6] See accompanying Affidavit of Weeden Wetmore
[7] See accompanying Affidavit of Weeden Wetmore

2

respect to Defendant, Wetmore, because there is no credible threat of their prosecution under the challenged statute.

Without a live, concrete controversy, this Court respectfully lacks jurisdiction to consider Plaintiffs' claims. Mink v. Suthers, 482 F.3d 1244, 1253-55 (10th Cir. 2007). Federal courts cannot "give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Church of Scientology v. United States, 506 U.S. 9, 12 (1992). " 'The crucial question is whether granting a *present* determination of the issues offered will have some effect in the real world.' " Wyoming v. U.S. Dep't of Agric., 414 F.3d 1207, 1212 (10th Cir.2005) (emphasis added) (quoting Citizens for Responsible Gov't State Political Action Comm. v. Davidson, 236 F.3d 1174, 1182 (10th Cir.2000)).   Therefore, a claim should be dismissed as moot when, as a result of changed circumstances, "the parties have no 'legally cognizable interest' or practical 'personal stake' in the dispute, and the court is therefore incapable of granting a judgment that will affect the legal rights as between the parties." ABN Amro Verzekeringen BV v. Geologistics Americas, Inc., 485 F.3d 85, 94 (2nd Cir. 2007).

Plaintiffs here faces no credible threat of prosecution by the Defendant, and accordingly Plaintiffs lack standing to pursue these claims. Mink v. Suthers, *supra*; See also, Jamal v. Kane, 96 F. Supp. 3d 447 (M.D. Penn. 2015), Verlo v. City and County of Denver, Colorado, 177 F. Supp. 3d 1305 (D. Colo. 2016), McKay v. Federspiel, 823 F.3d 862, 870 (6th Cir. 2016).

### III.   Statement Regarding Fees if preliminary relief is granted

In the event preliminary relief is granted to Plaintiffs, such as has been the case in other legal controversies which predate this action, this office would take exception regarding any award of attorney's fees, particularly as to this Defendant, a position that has been previously noted before

this Court,[8] and as is further outlined below.

As stated herein, no legal controversy exists.  The District Attorney had expressed even prior to this lawsuit that he had no intention of prosecuting persons for carrying legal firearms in a place of worship.  Accordingly, this litigation is not the catalyst for the District Attorney's actions.  See,  New York State Federation of Taxi Drivers, Inc. v. Westchester County Taxi and Limousine Com'n, 272 F.3d 154 (2nd Cir. 2001). "The status quo to be preserved by a preliminary injunction is the last actual, peaceable uncontested status which preceded the pending controversy." Mastrio v. Sebelius, 768 F.3d 116, 120 (2nd Cir. 2017) [citations, internal quotations, and alterations omitted]. "Preserving the status quo is not confined to ordering the parties to do nothing: it may require [the] parties to take action." Id. at 120-21; see, e.g., Garcia v. Yonkers Sch. Dist., 561 F.3d 97, 99-101 (2nd Cir. 2009) (finding the issuance of a TRO that students must be reinstated in school only preserved the status quo, i.e., the last uncontested status of the parties); see also Rivers v. Doar, No. 06-cv-5863, 2010 WL 5313735 (E.D.N.Y. Dec. 20, 2010) (finding, after a hearing on a preliminary injunction during which the parties made concessions on the record, that only the status quo was maintained, and thus, no attorneys' fees were warranted).

Where a defendant ceases a challenged practice, the case is moot provided that the defendant demonstrates that (1) "there is no reasonable expectation that the alleged violation will recur" and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." American Freedom Defense Initiative v. Metropolitan Transportation Authority, 815 F.3d 105, 109 (2nd Cir. 2016).  In this case, Defendant has never prosecuted the challenged Statute.

---

[8] This is the same position taken by Defendant Seaman in the Hardaway v. Nigrelli matter (Id. at footnote 5).

4

While a private party bears a "heavy burden" of showing that voluntarily ceased conduct will not recur, the government's burden is "lighter": cessation of conduct will be treated "with some solicitude . . . [because] government actors in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith because they are public servants, not self-interested private parties." Sossamon v. Lone Star State of Texas, 560 F.3d 316, 325 (5th Cir. 2009). ("[E]ven when a legislative body has the power to re-enact an ordinance or statute, ordinarily an amendment or repeal of it moots a case challenging the ordinance or statute"); Alabama Hospital Association v. Beasley, 702 F.2d 955, 961 (11th Cir. 1983) ("The mere possibility that the state might rescind its recent amendment does not, for purposes of mootness, enliven the controversy."). The District Attorney has never engaged in the prosecution of the statute being challenged. This action should be deemed moot as to this Defendant.

## CONCLUSION

Based on the foregoing, Defendant Wetmore respectfully submits that Plaintiffs' request for a preliminary injection should be deemed moot because Plaintiffs face no credible threat of prosecution under the challenged statute. In the event preliminary relief is granted, however, then Defendant Wetmore respectfully submit that no fees should be awarded.

Dated: November 7, 2022

CHEMUNG COUNTY LAW DEPARTMENT

By:_____
    M. Hyder Hussain, County Attorney
    Jeffrey Walker, Assistant County Attorney
    167 Lake Street
    P.O. Box 588
    Elmira, New York 14902
    Telephone: (607) 737-2982
    Email: hhussain@chemungcountyny.gov
    Email: jwalker@chemungcountyny.gov

*Attorneys for Defendants*

5